IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re: ) | |
| ) | |
| JOHN B. BELTON and ) | |
| CARMELLA L. BELTON ) | Case No. 06-40397-drd |
| ) | |
| Debtors. ) | |
| ) | |

## ORDER ON MOTION TO SHOW CAUSE

This case was commenced by the filing of a Voluntary Petition under Chapter 13 of Bankruptcy Code on February 27, 2006. The petition was accompanied by neither a certificate of credit counseling, as required by § 109(h)(1), or a certification of exigent circumstances warranting a deferment of the credit counseling requirements, as provided by § 109(h)(3). See Rule 1007(b)(3) and (c). Accordingly, on February 28, 2006, an order was entered dismissing the case because the debtor was not eligible to be a debtor under any chapter of the Bankruptcy Code. On that same date, an order was entered to show cause as to why debtors' counsel should not forfeit in whole or in part the fee received for filing this bankruptcy case because the case was filed by a debtor who was clearly ineligible to be a debtor.

On February 28, 2006, the debtors filed certificates of credit counseling showing that their credit counseling was obtained on February 28, the day after the case was filed. Along with those certificates, the debtors filed a motion to reinstate the case. On March 1, 2006, this Court entered an order denying the motion to reinstate because the credit counseling had been obtained by debtors subsequent to the filing of the petition, not prior to the filing of the petition as required by § 109(h), and no certification of exigent circumstances had been filed authorizing the credit counseling to be obtained postpetition.

On March 20, 2006, debtors' counsel filed a response to the order to show cause advising that the debtors had appeared in his office on Friday, February 24 before a scheduled February 28 foreclosure sale and were advised to seek credit counseling. According to counsel, on Monday, February 27, debtors did not yet have a certificate of such counseling, but had supposedly scheduled their credit counseling for February 27, 2006.

At the time of the filing of this case, debtors had neither obtained the required credit counseling nor demonstrated their eligibility for a deferment of that requirement. Accordingly, they were clearly ineligible to file, a fact demonstrated by this Court's denial of the debtors' motion to reconsider its order of dismissal. It should have been apparent at the time the case was filed that the debtors were not eligible, that the case would be dismissed and the debtors would receive no benefit from the bankruptcy filing. Because they have received no benefit from counsel's services, the fee received by counsel for filing the proceeding should be disgorged in its entirety. The Disclosure of Compensation reflects that the amount received by counsel was $300.

It is therefore

ORDERED that, within ten days of the date of the entry of this Order, debtors' counsel refund to debtors the sum of $300 and file with this Court evidence that the refund has been made.

DATED:      March 22, 2006                          /s/ Dennis R. Dow
                                                    HONORABLE DENNIS R. DOW
                                                    UNITED STATES BANKRUPTCY JUDGE

Copy to:

James E. Thompson, Jr.